[No. C021443. Third Dist. Nov. 7, 1996.]

MICHAEL L. BOND, Plaintiff and Appellant, v.
PULSAR VIDEO PRODUCTIONS et al., Defendants and Respondents.

## COUNSEL

William H. Poe for Plaintiff and Appellant.

Seitzinger & Wilkens, Peter M. Wilkins and Kent B. Seitzinger for Defendants and Respondents.

## OPINION

**RAYE, J.**—Plaintiff Michael L. Bond filed suit against his former employer defendant Pulsar Video Productions (Pulsar) alleging numerous causes of action, including racial discrimination. A jury found in favor of Pulsar on the discrimination claim, and Pulsar sought attorney fees. The court awarded Pulsar $22,500 in attorney fees. Bond appeals arguing the court erred in awarding Pulsar attorney fees, applied the wrong legal standard and failed to make the required findings in support of the award. We shall affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Bond brought suit against Pulsar alleging employment discrimination under the California Fair Employment and Housing Act (FEHA), breach of contract and various related common law torts. Pulsar brought a demurrer and motion to strike, which the court denied. Following arbitration, the case was returned to the civil active list.[1]

Pulsar moved for summary judgment on all causes of action. In opposing Pulsar's motion for summary judgment, Bond contended Pulsar's owner, an African-American, had demanded that Bond represent himself while on business as an African-American. Bond, who is of mixed racial origins, considers himself Native American. Pulsar denied making any such demands. The court denied Pulsar's motion.

A jury trial followed; no transcript of the trial is included in the record on appeal. The jury found in favor of Bond on the breach of contract claim, and awarded Bond $1,764.30. The jury found for Pulsar on the discrimination claim. The court earlier granted Pulsar's motion to dismiss the remaining causes of action.

Pulsar brought a motion for attorney fees pursuant to Government Code section 12965 and Code of Civil Procedure section 128.5. Following oral argument, the court granted the motion. The court noted the case went to trial on only two theories: breach of contract and racial discrimination/retaliatory discharge. The jury unanimously found for Pulsar on the discrimination cause of action. Although the jury awarded Bond $1,764.30 on his

---

[1]Bond makes several representations concerning the arbitration proceeding. However, these proceedings are not included in the record on appeal.

contract cause of action, the award was less than Pulsar's earlier offer to compromise. Therefore, under Code of Civil Procedure section 998, the court found Pulsar the prevailing party on the contract claim.

The court provided its rationale for awarding attorney fees: "The Court found that plaintiff's case was frivolous, vexatious and without merit and it was impossible for defendants to extricate themselves even from the minor contract claim which was evidenced by plaintiff's failure and refusal to accept defendants' Code of Civil Procedure § 998 offer which was almost three times the amount of the jury verdict. On that basis, the Court awarded defendants their attorney's fees and costs . . . ."

Bond brought a motion for reconsideration. Following oral argument, the court denied the motion. The court also denied Pulsar's motion for sanctions. Bond filed a timely notice of appeal.

## DISCUSSION

Attorney fees are allowable as costs to a prevailing party when authorized by statute. (Code Civ. Proc., §§ 1021, 1033.5, subd. (a)(10)(B).) Government Code section 12965 authorizes an award of attorney fees and costs to the prevailing party in any action brought under FEHA. Section 12965 provides, in pertinent part, "In actions brought under this section, the court, in its discretion may award to the prevailing party reasonable attorney fees and costs except where such action is filed by a public agency or a public official, acting in an official capacity." A trial court's award of attorney fees and costs under this section is subject to an abuse of discretion standard. (*Cummings* v. *Benco Building Services* (1992) 11 Cal.App.4th 1383, 1387 [15 Cal.Rptr.2d 53].)

Due to the symmetry between California and federal antidiscrimination statutes, California courts have adopted the methods and principles developed by federal courts in employment discrimination claims arising under the federal Civil Rights Act. (*Stephens* v. *Coldwell Banker Commercial Group, Inc.* (1988) 199 Cal.App.3d 1394, 1399-1400 [245 Cal.Rptr. 606].) The Supreme Court in *Christiansburg Garment Co.* v. *EEOC* (1978) 434 U.S. 412 [54 L.Ed.2d 648, 98 S.Ct. 694] set forth the standard trial courts must use in exercising discretion in awarding attorney fees to a prevailing defendant. A prevailing *plaintiff* " 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.' . . ." (*Id.* at pp. 416-417 [54 L.Ed.2d at p. 656], citation omitted.) However, a *defendant* should be awarded attorney fees " 'not routinely, not simply because he succeeds, but only where the action brought is found to be unreasonable,

frivolous, meritless or vexatious.' . . ." (*Id.* at p. 421 [54 L.Ed.2d at p. 656], citation omitted.)

The *Christiansburg* court defined meritless as groundless or without foundation, rather than simply as the fact that the plaintiff ultimately lost. The court also noted "vexatious" does not imply that plaintiff's subjective bad faith is a necessary prerequisite to an award of attorney fees to defendant. (434 U.S. at p. 421 [54 L.Ed.2d at pp. 656-657].) The court concluded a court may award defendant attorney fees if it finds ". . . the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." (*Ibid.*)

The court also sounded a cautionary note: "In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." (*Christiansburg Garment Co.* v. *EEOC, supra,* 434 U.S. at pp. 421-422 [54 L.Ed.2d at p. 657].)

In the present case, Bond argues the award of attorney fees to Pulsar was unjustified, unsupported by fact and contrary to law. Bond contends the trial court awarded attorney fees purely because the jury found against him. The survival of his discrimination cause of action after Pulsar's summary judgment motion, Bond contends, proves the claim was not unreasonable or frivolous. In support, Bond relies on *Cummings* v. *Benco Building Services, supra,* 11 Cal.App.4th 1383. We find Bond's reliance unjustified.

In *Cummings,* plaintiff brought an age discrimination action. The trial court granted defendant employer's motion for summary judgment. This decision was separately appealed and affirmed by a divided appellate court. The trial court later awarded defendant attorney fees pursuant to Government Code section 12965. (*Cummings* v. *Benco Building Services, supra,* 11 Cal.App.4th at pp. 1385-1386.) The appellate court reversed.

The court reiterated the standard enunciated in *Christiansburg Garment Co.* v. *EEOC, supra,* 434 U.S. 412 for awarding defendant attorney fees. (11

Cal.App.4th at pp. 1387-1388.) The court found the record provided considerable proof that plaintiff's claim was neither frivolous, unreasonable nor groundless. (*Id.* at p. 1388.) The court noted the dissenting justice in the summary judgment appeal found direct evidence that defendant terminated plaintiff because of her age. In conclusion, the court stated: "In sum, the majority recognized appellant presented some evidence of age discrimination. The dissent would have found that same evidence was substantial enough to warrant a jury trial. Based on the views expressed by our respected colleagues, it becomes apparent reasonable minds may differ as to the strength of appellant's case but that it would be unreasonable to conclude appellant's action for age discrimination was frivolous, unreasonable or without foundation where both the majority and the dissent found her claim to have some basis in fact." (*Id.* at p. 1389.)

In *Cummings*, the appellate court reviewed the record and found attorney fees inappropriate for defendant's successful summary judgment motion. Here, we consider not a successful summary judgment motion, but a full-fledged jury trial. Bond appears to argue since his causes of action survived Pulsar's motion for summary judgment, his discrimination claim could not be frivolous, unreasonable or without foundation. However, Bond provides no authority for this novel argument and we are not persuaded by his reasoning.[2] Declarations sufficient to create a triable issue in a summary judgment proceeding may, in the crucible of a trial, be revealed to be spurious and the litigant's claim frivolous, unreasonable and without foundation. In any event, the record in the present case provides little support for treating a favorable summary judgment ruling as an irrefutable finding that plaintiff's claim was not unreasonable, frivolous, meritless or vexatious. Here the trial court denied Pulsar's judgment on procedural grounds, ruling that Pulsar failed to meet its burden of showing by admissible evidence that Bond could not establish the elements of each cause of action and failed to comply with certain procedural requirements.[3] Such a ruling does not address the legitimacy or reasonableness of the underlying facts supporting the cause of action.

---

[2]Bond does cite *Warren v. City of Carlsbad* (9th Cir. 1995) 58 F.3d 439. However, in *Warren* the appellate court found the plaintiff made a prima facie showing of discrimination and raised additional facts pointing to a discriminatory motive for his rejection by a fire department. The court found these facts precluded an award of sanctions. The court did not hold a successful defense of a summary judgment action automatically renders a claim sanction proof. (*Id.* at pp. 444-445.)

[3]The court's order states in part: "Defendants have failed to meet their burden of showing by admissible evidence in the separate statement that Plaintiff cannot establish one or more essential elements of each cause of action. [¶] Furthermore, Defendants have failed to file a separate document stating which facts in the separate statement support each item pursuant to LR 3.08. Nor have Defendants shown in the separate statement itself which facts are material to each of the seven issues Defendants wish to have summarily adjudicated."

Here, the trial court, following a jury trial, found Bond's discrimination claim "frivolous, vexatious and without merit." However, the parties have failed to provide a transcript of the jury trial. In a judgment roll appeal based on a clerk's transcript, every presumption is in favor of the validity of the judgment and all facts consistent with its validity will be presumed to have existed. The sufficiency of the evidence is not open to review. The trial court's findings of fact and conclusions of law are presumed to be supported by substantial evidence and are binding on the appellate court, unless reversible error appears on the record. (*Kennedy* v. *Taylor* (1984) 155 Cal.App.3d 126, 128 [201 Cal.Rptr. 779].)

Although Bond attacks both the trial court's findings and the legal standard used by the court, we find no reversible error based on the record before us. Pulsar sought attorney fees under both Government Code section 12965 and Code of Civil Procedure section 128.5. The court, during oral argument, patiently explained the basis for its award of attorney fees. The court found the discrimination cause of action frivolous and vexatious and stated:

"I think the evidence was clear that there wasn't anything discriminatory by Mr. Bailey [Pulsar's owner]. He was—he was dragged through several days of trial, I think, and attorney's fees needlessly. [¶] People shouldn't have to do that. There was no evidence at all that your client—there was no evidence at all even that he should have believed he was being discriminated against. There is just nothing at all. I sat here and listened and the fact that I made my rulings at the close of your case, and I don't even recall when I had a motion for directed verdict, I was so sure of what the jury was going to do after the lack of evidence on those causes of action, I wanted the defendant—I mean, the plaintiff to hear it from the jury myself [*sic*]. [¶] I was quite surprised that it took a day and-a-half, but I wasn't surprised by the fact that it was twelve/zero, I have to tell you, and it is through no fault of your own. There was no—just no evidence. There was just no evidence there, and Mr. Bailey has been put through I think needless trial expenses over commissions which he offered three times that amount to settle by his 998 offer; and to go through that many days of jury trial and put him through that expense and all discovery and depositions and everything else for a seventeen hundred dollar commission judgment that he offered to pay I think is totally unfair."

The court also addressed the issue of bad faith, noting: "I have no quarrel with the fact that someone who feels they have been grieved should be able to come forward and make their claim in good faith. That wasn't done here. This was not a good faith prosecution of a discriminatory action."

We find no error in the trial court's award of attorney fees based on the record before us. The court found Bond's discrimination claim frivolous, without foundation and brought in bad faith, the very standards enunciated in *Christiansburg Garment Co.* v. *EEOC, supra,* 434 U.S. at page 422 [54 L.Ed.2d at page 657]. Indeed, as the *Christiansburg* court pointed out ". . . needless to say, if a plaintiff is found to have brought or continued such a claim in *bad faith*, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." (*Ibid.,* italics in original.)[4]

### DISPOSITION

The judgment is affirmed. Pulsar shall recover costs on appeal.

Puglia, P. J., and Morrison J., concurred.

---

[4]Bond relies on *West Coast Development* v. *Reed* (1992) 2 Cal.App.4th 693 [3 Cal.Rptr.2d 790]. In *West Coast,* a court awarded attorney fees under Code of Civil Procedure section 128.5, finding plaintiff's action frivolous and prosecuted in bad faith. The Court of Appeal reversed. Although the appellate court found the totality of circumstances supported the award, the trial court erred in issuing a written decision devoid of any statement of grounds for awarding attorney fees. (2 Cal.App.4th at pp. 702-706.)

Here, the trial court specified, both during oral argument and in its written order, its reasons for awarding Pulsar attorney fees.