Filed 4/21/14  Nguyen v. Nguyen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)


| | |
|---|---|
| KEN NGUYEN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>TIEN CAO NGUYEN et al.,<br><br>    Defendants and Respondents. | C071457<br><br>(Super. Ct. No.<br>CVCS 08-1319) |


Plaintiff Ken Nguyen, appearing in pro. per., appeals from a postjudgment order confirming the sale of real property and ordering the distribution of funds.  He argues the trial court incorrectly ordered the net proceeds of sale (*after* repayment of the purchase loan) be distributed among the four owners, and that his share of the proceeds should have been one-quarter of the proceeds *before* repayment of the purchase loan.

Because this is a judgment roll appeal, we presume the order after judgment is valid and is supported by substantial evidence.  As there is no evidence in the record indicating the trial court erred in ordering the distribution of the proceeds, we shall affirm the order.

1

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Ken Nguyen filed a complaint alleging embezzlement, breach of contract, fraud, breach of fiduciary duty, unjust enrichment, defamation, and requested an accounting. Plaintiff alleged he and his nephews purchased two parcels of property on Garden Highway in Nicolaus, California. He alleged he paid $237,500 for his one-quarter share of the purchase price. He alleged the other owners took out a loan and that "[t]he loan was supposed to be fractional and Plaintiff owed nothing in loan." Plaintiff alleged his name did not appear as a joint tenant on the deed.

The case was tried to the court. Following plaintiff's presentation of evidence, defendants brought a motion for judgment pursuant to Code of Civil Procedure section 631.8. The trial court granted defendants' motion for judgment to all of plaintiff's causes of action except for the cause of action for partition. In its interlocutory judgment, the trial court ruled that the proceeds of sale would be "divided 25% to each party, being Ken Nguyen [(plaintiff)], Alphonso Khuong Nguyen, Tien Van Nguyen, and Cuong Quoc Nguyen." The trial court retained jurisdiction over the sale and proceeds of sale.

Approximately five months later, defendants filed a motion for order confirming the sale of the property and the distribution of funds. Defendants sought an order directing the distribution to each owner one-quarter of the estimated subtotal of $515,250. The subtotal was calculated by subtracting from the sales price ($875,000) a five percent broker's commission, closing costs, and a bank loan in the amount of $306,000.

Plaintiff filed an opposition to the motion, arguing specifically that the bank loan should not be deducted from the proceeds before distribution. Relevant to the issue on appeal, plaintiff submitted a declaration, stating the following: "Plaintiff has no loan on the Subject Property. Indeed, Plaintiff has already paid off his contribution ($237,500) to buy the Subject Property. Defendant Tien Nguyen received from Plaintiff a total contribution of $235,000 wired directly to Old Republic Title . . . , and US Bank . . . , and a cash of $2,500 (total $237,500). Beside that, Plaintiff also contributed a loan fee

2

for Defendants while he did not apply for any loan with the amount of $9,834.80 to Old Republican Title . . . ."

Despite plaintiff's opposition, the trial court entered an order confirming sale and distribution of funds, ordering plaintiff's one-quarter share of the sales proceeds to be calculated on the net proceeds of sale, i.e., minus commission, closing costs, *and the $306,000 bank loan*.

Subsequent to the entry of the order confirming sale and distribution of funds, plaintiff filed a motion for *redistribution* of the funds, arguing again that he should receive one-quarter of the proceeds without any deduction for the bank loan. The trial court denied the motion.

DISCUSSION

Plaintiff purports to appeal from the order entered on May 2, 2012. As there was no order entered on that date, we assume he refers to the order confirming sale and distribution of funds, entered on April 13, 2012. The notice of entry of said order was dated May 2, 2012.

Plaintiff claims there are no factual conflicts, and that the interpretation of the trial court's order is a question of law, to be reviewed by this court de novo. He argues the trial court incorrectly interpreted its own term "proceeds" to mean the net sales price rather than the gross sales price. Despite his claim that there are no factual conflicts, he argues there was no substantial evidence to support the trial court's order. Finally, he argues the order must be reversed because the trial court failed to explain the reason for its decision, and based its decision on erroneous facts.

As to the trial court's interpretation of its own order, to paraphrase Dr. Seuss, we presume the trial court meant what it said and said what it meant. The trial court had two opportunities to clarify the manner in which it intended the sales proceeds to be distributed. The first time was when it issued the order after plaintiff complained that he should receive his share before the loan amount was deducted. The second time was

3

when plaintiff made the same argument incident to his motion for redistribution of the proceeds. We will not second guess the trial court's interpretation of its own order.

As to the matter of substantial evidence to support the order and the trial court's erroneous findings of fact, this is a judgment roll appeal because we have been provided with only the clerk's transcript. In a judgment roll appeal, "we presume the trial court's findings of fact and conclusions of law are supported by substantial evidence." (*People v. Roscoe* (2008) 169 Cal.App.4th 829, 839.) "The sufficiency of the evidence is not open to review. The trial court's findings of fact and conclusions of law are presumed to be supported by substantial evidence and are binding on the appellate court, unless reversible error appears on the record." (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924.)

As to the trial court's failure to explain the reason for its decision, a statement of decision explains the factual and legal bases for the trial court's decision. (*In re Marriage of Fong* (2011) 193 Cal.App.4th 278, 293.) There is no requirement that the trial court issue a statement of decision unless a party requests that it do so. (Code Civ. Proc., § 632.) The record contains no evidence of such a request.

## DISPOSITION

The judgment (order) is affirmed. Respondents shall recover their costs on appeal.


    BLEASE    , Acting P. J.


We concur:


    NICHOLSON    , J.


    MAURO    , J.

4