Filed 12/22/15  Holland v. Majumdar CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JENNIFER ANN HOLLAND,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>SRIPARNA MAJUMDAR,<br><br>          Defendant and Appellant. | A144647<br><br>(San Francisco County<br>Super. Ct. No. CCH15576536) |

Appellant Sriparna Majumdar challenges a civil harassment restraining order issued against her on the grounds that the order is not supported by substantial evidence, is overbroad, and violates her First Amendment rights.  We are not persuaded by these arguments, and we affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

The record of the trial court proceedings is minimal, but we can discern the following background:  On January 12, 2015, respondent Jennifer Holland, a dance instructor, petitioned the trial court to issue a civil harassment restraining order against Majumdar.  In seeking the restraining order, she alleged that "[Majumdar] comes out to the venues where I teach classes.  [Majumdar] appears to be obsessed with my personal life, talking to others and spreading false information about me.  [Majumdar] has sent my friend, Ken W[.], 1,217 emails mentioning me specifically.  Currently, these emails are sent by [Majumdar] multiple times a day."  Holland also alleged, "I fear for my safety.  I

1

want my peace of mind back. I am 5 months pregnant, and I am concerned about my and my baby's health. This person ([Majumdar]) has increasingly and repeatedly speculated about my unborn child. She is obsessed. I must protect myself and my unborn child." Copies of five e-mails referencing Holland that Majumdar apparently sent to Holland's friend were attached to the request. The day after the request was filed, the trial court entered a temporary restraining order against Majumdar.

Majumdar filed an opposition to a permanent restraining order, and along with her opposition she submitted a signed declaration. In it, Majumdar attested that her relationship with Holland's friend "makes [Holland] upset and furious," and she attested that her "only problem with [Holland] is the fact that [Holland] has burglarized my residence while I was away from the U.S." and is "pursuing this restraining order as a way of cover-up for her criminal actions in burglarizing my residence." Majumdar also stated that she had not engaged in or threatened "any unlawful physical violence."

A hearing was held on February 4, 2015, and the record reflects that Majumdar introduced into evidence two police reports, and both parties testified. But no transcript on the hearing appears in the appellate record, and the record is silent on whether other evidence was considered. At the conclusion of the hearing, the trial court issued an order restraining Majumdar for a period of one year from directly or indirectly harassing, contacting, or trying to obtain Holland's location by means that included, but were not limited to, specified methods including "[S]kype." It also directed Majumdar to stay at least 10 yards away from Holland, Holland's home, Holland's job or workplace, and the child-care facility of Holland's children.

## II.
### DISCUSSION

*A. We Must Presume that the Restraining Order Is Supported by Substantial Evidence Because the Appellate Record Does Not Include a Reporter's Transcript.*

Code of Civil Procedure section 527.6[1] provides a mechanism for victims of harassment to obtain an order enjoining further harassment. The section was enacted to protect the " 'right to pursue safety, happiness and privacy as guaranteed by the California Constitution.' [Citations.]" (*Brekke v. Wills* (2005) 125 Cal.App.4th 1400, 1412.) Under the statute, harassment is defined as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." (§ 527.6, subd. (b)(3).) A course of conduct is "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including following or stalking an individual, making harassing telephone calls to an individual, or sending harassing correspondence to an individual by any means, including, but not limited to, the use of public or private mails, interoffice mail, facsimile, or computer email." (§ 527.6, subd. (b)(1).) "The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." (§ 527.6, subd. (b)(3).) If the court finds "by clear and convincing evidence that unlawful harassment exists," it "shall" issue an injunction. (§ 527.6, subd. (i).)

In reviewing a trial court's ruling on a civil harassment restraining order, we generally resolve all factual conflicts and questions of credibility in favor of the prevailing party, and indulge all reasonable inferences to uphold the judgment of the trial court, so long as it is supported by substantial evidence—evidence that is reasonable, credible, and of solid value. (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762; see also *Bookout v. Nielsen* (2007) 155 Cal.App.4th 1131, 1137.) An appellant's burden is not to

---

[1] All subsequent statutory references are to the Code of Civil Procedure.

demonstrate the existence of evidence supporting his or her case, but " 'to demonstrate that there is *no* substantial evidence to support the challenged findings.' " (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881; see also *Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409 [it is appellant's burden to identify and establish deficiencies in the evidence].) " 'A party who challenges the sufficiency of the evidence to support a particular finding must *summarize the evidence* on that point, *favorable and unfavorable,* and *show how and why it is insufficient.* [Citation.]' [Citation.] '[W]hen an appellant urges the insufficiency of the evidence to support the findings it is [the appellant's] duty to set forth a fair and adequate statement of the evidence which is claimed to be insufficient. [The appellant] cannot shift this burden onto respondent, nor is a reviewing court required to undertake an independent examination of the record when appellant has shirked his [or her] responsibility in this respect.' [Citation.]" (*Ibid.*)

Majumdar has not and cannot sustain her appellate burden. When an appellant elects to proceed on a clerk's transcript only, as Majumdar elected here, "every presumption is in favor of the validity of the judgment and all facts consistent with its validity will be presumed to have existed. The sufficiency of the evidence is not open to review. The trial court's findings of fact and conclusions of law are presumed to be supported by substantial evidence and are binding on the appellate court, unless reversible error appears on the record." (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924; see also Cal. Rules of Court, rule 8.163.) "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters.*" (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.) "To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.] The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence. [Citations.]" (*Ibid.*)

These principles resolve the issue here. We cannot conclude that the restraining order lacks substantial evidence because we have no transcript of the hearing and do not

know how the parties testified or what other evidence may have been received and considered by the trial court in issuing the order.

   B.  *The Restraining Order Is Not Overbroad.*

   We also reject Majumdar's argument that the restraining order is overbroad because it prohibits the "use of 'Skype.' "  We do so for several reasons.

   First, we do not read the restraining order as being nearly as expansive as Majumdar suggests.  The order simply prohibits Majumdar from directly or indirectly harassing, contacting, or trying to learn the location of Holland through a variety of means, including Skype.  Contrary to Majumdar's supposition, the order does not prohibit Majumdar from using Skype *entirely*; instead, it only prohibits her from using it to harass, contact, or learn the location of *Holland in particular*.

   Second, Majumdar's argument about Skype is inconsistent with her acceptance of another term of the order.  This other term enjoins Majumdar from harassing Holland by "telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax, or by other electronic means."  Majumdar fails to explain how the prohibition on using Skype is not encompassed within this other term.

   Finally, just as Majumdar's failure to procure a reporter's transcript of the hearing leaves us with an insufficient record to conclude that the order was not supported by substantial evidence, it also leaves us with an insufficient record to establish that the injunction is overbroad.  (*Construction Financial v. Perlite Plastering Co.* (1997) 53 Cal.App.4th 170, 179.)  For all we know, evidence about Majumdar's use of Skype was introduced and considered at the hearing.

   We conclude that the order is sufficiently narrow.

   C.  *The Restraining Order Does Not Violate Majumdar's First Amendment Rights.*

   Without citing any authority, Majumdar lastly argues that the restraining order violates her First Amendment rights because it prevents her "from going to dance venues if [Holland] happens to be there," requires her "to monitor all the locations [of Holland's] dance venues," and may cause her to "violate the restraining order without any intention of doing so."  The argument is specious.  We infer from the record that Holland was

5

attempting to prevent Majumdar from conducting just this sort of research on her whereabouts, and Majumdar fails to explain why she cannot stay 10 yards away from Holland and refrain from harassment.

To the extent the order prohibits Majumdar's speech, it does not prohibit any constitutionally protected speech. Not all speech is constitutionally protected. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 313.) "[S]peech that constitutes 'harassment' within the meaning of section 527.6 is not constitutionally protected, and the victim of the harassment may obtain injunctive relief." (*Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2005) 129 Cal.App.4th 1228, 1250.) The right to free speech "does not include the right to repeatedly invade another person's constitutional rights of privacy and the pursuit of happiness through the use of acts and threats that evidence a pattern of harassment designed to inflict substantial emotional distress." (*People v. Borrelli* (2000) 77 Cal.App.4th 703, 716.) The restraining order against Majumdar was entered only after the trial court determined that she harassed Holland. It does not violate Majumdar's First Amendment rights by prohibiting continued harassment. (See also *In re Marriage of Evilsizor & Sweeney* (2015) 237 Cal.App.4th 1416, 1429-1430 [injunction prohibiting repetition of expression that has been judicially determined to be unlawful does not constitute prohibited prior restraint that violates First Amendment].)

## III.
### DISPOSITION

The order is affirmed. Holland is awarded costs, if any, on appeal.

_____
Humes, P.J.

We concur:


_____
Dondero, J.


_____
Banke, J.