Filed 10/11/23  Boehmer v. Hodge CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| NORINE BOEHMER, as Trustee, | B315711 |
| Plaintiff and Respondent. | (Los Angeles County Super. Ct. No. 17STPB08490) |
| v. | |
| CHALA REKAY HODGE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ana Maria Luna, Judge.  Dismissed.

Chala Rekay Hodge, in pro. per.

Tamila C. Jensen for Plaintiff and Respondent.

_____

# INTRODUCTION

Chala Rekay Hodge appeals from an order approving a trust accounting and a request for trustee and attorney's fees. Because the order did not aggrieve Hodge, she lacks standing to appeal, and we dismiss.

# FACTUAL AND PROCEDURAL BACKGROUND

A. *The Chala Renay Hodge Special Needs Trust*

Chala Rekay Hodge (Rekay) is the mother of Chala Renay Hodge (Renay), who is a disabled adult.[1] Rekay is the conservator of the person for her daughter, but not the conservator of her daughter's estate. After Renay's father Bobby Hodge died, his mother (Renay's grandmother) Betty Hanson created the irrevocable Chala Renay Hodge Special Needs Trust for Renay's sole benefit and to settle a dispute with Rekay. (*Boehmer v. Hodge* (Dec. 11, 2020, No. B299529) [nonpub. opn.] (*Boehmer I*).)[2] The trust's assets included real property that Hanson and Bobby Hodge had owned as joint tenants and that Hanson conveyed to the trust after her son died. (*Id.*)

---

[1] As in a previous appeal concerning Chala Rekay Hodge and the trust created to benefit her daughter, we distinguish between mother and daughter by using their middle names. (See *Boehmer v. Hodge* (Dec. 11, 2020, No. B299529) [nonpub. opn.].)

[2] We rely on *Boehmer I* for relevant background information not otherwise included in the record on appeal. We also grant Boehmer's motion to augment the record to include documents filed in this proceeding in the probate court. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

Among other provisions, the trust states: "In no event shall the Beneficiary [Renay] nor the Beneficiary's mother [Rekay] qualify as nor be appointed as Successor Trustee hereunder." The trust also states the "Trustee shall provide the Beneficiary's legal guardian or conservator with an annual accounting per the requirements of Probate Code §§ 16060 et seq., which shall be sent by first class mail . . . to the Beneficiary's legal guardian or conservator, who shall thereafter have sixty (60) days within which to review such accounting and to file objections, to said accounting with the Trustee."

Pamela Muir was named trustee and served in that capacity from the trust's formation in November 2004 until August 2013, when Norine Boehmer and Dawn Mills became the successor trustees. In December 2018 the probate court authorized Boehmer and Mills to sell the real property in the trust and brought the trust under court supervision.

B. *Boehmer and Mills Petition the Probate Court for Approval and Settlement of the Trust Accounts and for Trustees' and Attorney's Fees*

Effective March 27, 2019, Mills resigned as co-trustee, and on November 14, 2019 Boehmer and Mills filed a petition to settle and approve the accounts of the trust and for trustees' and attorney's fees. The petition included an accounting for the period from January 1, 2018 through September 30, 2019. Rekay filed two sets of objections to the petition. Among many other objections, Rekay argued the petition did not include an accounting for the years 2014 through 2017. In response, Boehmer and Mills filed a supplement to the accounting that included four additional time periods from September 10, 2013

3

(shortly after their appointment) to January 1, 2018. The record does not indicate Rekay objected to the supplemental accounting.

Rekay's other objections to the accounting for 2018 and part of 2019 included, as best as we can tell, assertions the trustees did not properly obtain a loan for the benefit of the trust; the combined accounting for the years 2018 and 2019 was confusing; the trustees sold the property in the trust merely to pay their fees; the requested attorney's fees were excessive; Boehmer's declaration and supporting documents were "contrive[d]" to support "deceptive" legal fees; repairs to the real property listed as expenses were not completed; and the petition named the wrong trust.[3] Rekay also objected to Mills's resignation without stating a reason for her objection, though Rekay claimed she "fired" Boehmer in 2016.

In response to Rekay's objections, Boehmer and Mills argued that Rekay failed to show "she is an aggrieved party legally able to file objections" and that Renay was represented by counsel who did not object to the petition. Boehmer and Mills also argued many of Rekay's objections concerned matters beyond the scope of the petition and were not before the court.

C.    *The Probate Court Approves the Petition*

At an evidentiary hearing on the petition held July 27, 2021, the probate court struck Rekay's objections because the court found she did not have standing as an "interested person"

---

[3]    The first page of the petition mistakenly referred to the Maudie H. Davis Separate Property Trust U/T/D instead of the Chala Renay Hodge Special Needs Trust. Counsel for Boehmer and Mills stated in a subsequent declaration this was a clerical error.

4

under Probate Code section 48.[4]  The court's order also stated that Rekay "withdrew her objections" and that "[a]ll objections [were] withdrawn."  The court approved the accounting, granted the requested fees, accepted Mills's resignation, and authorized Boehmer to act as sole trustee.

Rekay timely appealed and designated the reporter's transcript of the July 27, 2021 hearing (where a court reporter was present).[5]  Rekay indicated on the form for designating the record on appeal that she was electing to provide a certified transcript under California Rules of Court, rule 8.130(b)(3)(C),[6]

---

[4]    Statutory references are to the Probate Code.  Although the court used the term "interested party," section 48 refers to "interested person[s]."

[5]    Rekay appealed from the July 27, 2021 minute order, which directed counsel for the trustees to prepare a formal order.  The court entered that order on September 20, 2021.  We liberally construe Rekay's notice of appeal to be from the subsequently signed order entered on the trustees' petition.  (See *In re Marriage of Grimes & Mou* (2020) 45 Cal.App.5th 406, 420; Cal. Rules of Court, rule 8.100(a)(2); see, e.g., *Rozanova v. Uribe* (2021) 68 Cal.App.5th 392, 398, fn. 3 [court treated a notice of appeal from a minute order after a hearing on a motion to tax costs as an appeal from a subsequently filed order on the motion to strike or tax costs]; *In re Marriage of Zimmerman* (2010) 183 Cal.App.4th 900, 906 [court treated a notice of appeal from a minute order as filed after the subsequent entry of a formal signed order incorporating the rulings in the minute order].)

[6]    Rule 8.130(b)(3)(C) provides that, instead of providing a deposit for the approximate cost of transcribing the proceedings, the appellant may "substitute . . . [a] certified transcript of all of the proceedings designated by the party."

which the form instructs the appellant to lodge directly with the Court of Appeal. The record on appeal, however, does not include a reporter's transcript for the July 27, 2021 hearing because Rekay never lodged it with this court.

During the pendency of this appeal, the probate court accepted Boehmer's resignation as trustee and appointed the Los Angeles County Public Guardian as the successor trustee. The court discharged Boehmer as trustee on January 27, 2023.

## DISCUSSION

A. *Rekay Lacks Standing To Appeal*

Standing to appeal is a jurisdictional requirement. (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 888, fn. 7; *Doe v. Regents of University of California* (2022) 80 Cal.App.5th 282, 293.) "To have appellate standing, one must (1) be a party and (2) be aggrieved." (*In re Marriage of Burwell* (2013) 221 Cal.App.4th 1, 13; see Code Civ. Proc., § 902; *Doe*, at p. 293.)

Boehmer argues Rekay lacks standing to appeal because Rekay was not a party in the underlying proceeding. Indeed, the probate court found Rekay lacked standing to participate in the probate proceeding as an "interested person" under section 48. That statute defines "interested person" to include "[a]n heir, devisee, child, spouse, creditor, beneficiary, and any other person having a property right in or claim against a trust estate or the estate of a decedent which may be affected by the proceeding." (§ 48, subd. (a)(1).) Rekay is not any of those things. Section 48 also provides, however, "[t]he meaning of 'interested person' as it relates to particular persons may vary from time to time and shall be determined according to the particular purposes of, and

6

matter involved in, any proceeding." (§ 48, subd. (b).) Courts have discretion under that provision to allow others to participate as interested persons in a particular proceeding. (*Estate of Sobol* (2014) 225 Cal.App.4th 771, 782; see *Estate of Prindle* (2009) 173 Cal.App.4th 119, 126 ["'a party may qualify as an interested person entitled to participate for purposes of one proceeding but not for another'"]; *Arman v. Bank of America, N.T. & S.A.* (1999) 74 Cal.App.4th 697, 702-703 ["standing for purposes of the Probate Code is a fluid concept dependent on the nature of the proceeding before the trial court and the parties' relationship to the proceeding, as well as to the trust (or estate)"].) Rekay is Renay's conservator, which gave her rights under the trust document to receive and object to annual accountings. Thus, Rekay arguably is an "interested person" within the meaning of section 48 who may have had standing to object to the petition.

We need not decide this issue, however, because Rekay was not "aggrieved" by the probate court's order. (See *Estate of Bartsch* (2011) 193 Cal.App.4th 885, 890 [the rule that only an aggrieved person may appeal applies to appeals from probate court orders].) As stated, Rekay withdrew her objections to the trustees' petition at the July 27, 2021 hearing. Rekay does not contend otherwise, despite three statements in Boehmer's respondent's brief that Rekay withdrew her objections at the hearing on the petition. Moreover, because Rekay did not provide a reporter's transcript, she cannot dispute she withdrew her objections. When an appellant proceeds without a reporter's transcript of the proceedings, "we presume the trial court's findings of fact . . . are supported by substantial evidence," and "[t]hey are binding on us, unless reversible error appears in the record." (*People v. Roscoe* (2008) 169 Cal.App.4th 829, 839;

7

accord, *Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924; see *Shenefield v. Shenefield* (2022) 75 Cal.App.5th 619, 633, fn. 12 ["[w]hen there is no reporter's transcript and no error is evident from the face of the appellate record, we presume that the unreported trial testimony would demonstrate absence of error"]; *Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259 ["The absence of a record concerning what actually occurred at the hearing precludes a determination that the court abused its discretion."].) Thus, we presume a transcript of the unreported hearing would confirm Rekay withdrew her objections, as the trial court's order stated she did. (See *In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 8-9 [appellate court presumed the appellant made a general appearance in the trial court, where the order appealed from did not indicate otherwise, and the appellant, who argued on appeal he made only a special appearance, did not provide a reporter's transcript or a settled statement].)[7]

Because Rekay withdrew her objections, she is not aggrieved by the order approving the petition. An aggrieved person is "one whose rights or interests are injuriously affected by the decision in an immediate and substantial way, and not as

---

[7] Rekay argues in her opening brief the "Probate court tried everything in its power to prevent [her] from object[ing] to accounting years, 2004 to 2013" and cites a clerk's transcript dated April 12, 2021. The record does not include a transcript of a hearing on that date, and Rekay did not designate any proceedings on that date to be included in the reporter's transcript; the hearing on the petition involved in this appeal occurred on July 27, 2021. And the trustees did not provide an accounting for the years 2004 to September 2013, when Muir was the trustee.

8

a nominal or remote consequence of the decision." (*In re K.C.* (2011) 52 Cal.4th 231, 236; accord, *Dow v. Lassen Irrigation Co.* (2022) 75 Cal.App.5th 482, 488; *Six4Three, LLC v. Facebook, Inc.* (2020) 49 Cal.App.5th 109, 115.)  To the extent Rekay had the right to object to the accounting, she waived that right by withdrawing her objections at the evidentiary hearing.  (See *Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 286 [waiver "may result by action or inaction, though falling short of express waiver that demonstrates acquiescence in the error"].)  Thus, Rekay lacks standing to appeal from the order granting the trustees' petition.  (See *Estate of Kempton* (2023) 91 Cal.App.5th 189, 201-202 [creditor of an estate lacked standing to appeal from aspects of a court order that did not injure him]; *Conservatorship of Gregory D.* (2013) 214 Cal.App.4th 62, 69 [even if the mother of a conservatee was an "interested party" entitled to participate in conservatorship proceedings, she lacked standing to appeal the court's order instructing conservators because the order did not injuriously affect her].)[8]

###### B. *Even if Rekay Had Standing, Her Arguments Are Forfeited or Meritless*

Rekay makes a number of arguments the probate court erred in approving the trustees' petition.  Many of them she makes for the first time in her reply brief; the others do not show

---

[8]    Rekay also forfeited the arguments she makes on appeal concerning the objections she withdrew in the probate court.  Generally, failure to make a timely objection in the trial court forfeits the argument on appeal.  (*Santa Clara Waste Water Co. v. Allied World National Assurance Co.* (2017) 18 Cal.App.5th 881, 885, fn. 2.)

the probate court abused its discretion in approving the petition. (See § 17206 [probate "court in its discretion may make any orders and take any other action necessary or proper to dispose of the matters presented by [a] petition" filed by a trustee under section 17200]; *Manson v. Shepherd* (2010) 188 Cal.App.4th 1244, 1258 [abuse of discretion standard applies to petitions under section 17200].)[9]

Rekay argues for the first time in her reply brief the probate court erred in denying her request for a continuance, allowing Boehmer to testify "after the judge disclosed that she had a personal conflict with [Rekay]," excluding evidence of "defects" in the accounting, and approving the accounting without substantial evidence. Rekay also asserts for the first time in her reply brief new theories of liability, including that Boehmer breached her fiduciary duty by engaging in unspecified litigation against Mills and that Boehmer was personally liable for damages because she acted "unreasonably" as a trustee. We acknowledge that Rekay is self-represented and that her understanding of the rules on appeal is likely more limited than an experienced appellate attorney's,[10] but to be fair to both sides

---

[9]     Section 17200 et seq. governs petitions by trustees "concerning the internal affairs of the trust . . . ." (§ 17200, subd. (a).)

[10]    Whenever possible, we will not strictly apply technical rules of procedure in a manner that deprives a self-represented litigant of a hearing. Nevertheless, we must apply the procedural and substantive principles and rules of appellate review to a self-represented litigant's arguments on appeal, just as we would to arguments by litigants represented by attorneys. (See *In re*

we cannot consider arguments first made in a reply brief. (See *Bitner v. Department of Corrections & Rehabilitation* (2023) 87 Cal.App.5th 1048, 1065, fn. 3; *State Water Resources Control Bd. Cases* (2006) 136 Cal.App.4th 674, 836.) Most of Rekay's arguments also lack sufficient discussion and citations to the record and authority to be cognizable on appeal. (See *Vines v. O'Reilly Auto Enterprises, LLC* (2022) 74 Cal.App.5th 174, 190.)

In her opening brief Rekay argues the probate court abused its discretion in approving the petition because the accounting did not include the years 2004 to 2013, when Muir was the trustee. Rekay, however, did not object on this basis in her written objections, and nothing in the record shows she objected on this basis at the hearing. Thus, she forfeited this argument on appeal as well. (See *Santa Clara Waste Water Co. v. Allied World National Assurance Co.* (2017) 18 Cal.App.5th 881, 885, fn. 2 ["[f]ailure to raise a timely objection forfeits the argument"]; *Araiza v. Younkin* (2010) 188 Cal.App.4th 1120, 1127 [beneficiary forfeited the argument on appeal that a transfer of property from the trust to a successor trustee was improper because the beneficiary failed to object to the petition for approval on that basis].) Moreover, nothing in the record indicates Rekay (or Renay) ever petitioned the court to compel an accounting for 2004 to 2013 (see § 17200, subd. (a)), and that issue was not before the probate court at the evidentiary hearing on the petition.

Rekay also argues the probate court abused its discretion because Mills (and presumably Boehmer) failed to provide an accounting for the years 2013 to 2021. But, after submitting the

_____

*Marriage of Furie* (2017) 16 Cal.App.5th 816, 824; *Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1413-1414.)

first accounting for January 2018 through September 2019, the trustees submitted a supplemental accounting covering the period from September 2013 to January 2018. Mills and Boehmer did not become the trustees until August 2013, and the petition did not cover any time periods after September 2019.

Rekay also asserts without explanation that the accounting for 2018 and 2019 was "confusing and deceptive in the accounting for one year as the beginning of the court supervision." The documents accompanying the accounting included statements showing the property in the trust at the beginning of the accounting period and the property in the trust at the end of the accounting period, with itemized, dated, and categorized statements of income and disbursements for the periods in between. While the accounting for 2018 and 2019 was not "annual," as required by the trust document, Rekay has not shown that the accounting was "confusing and deceptive" or that the probate court abused its discretion in approving it.

Finally, Rekay suggests the probate court erred in approving the accounting for 2018 and 2019 because it referred to a trust with a different name. Counsel for Boehmer and Mills, however, clarified this was a clerical mistake, which had no impact on the substance of the petition or its supporting documentation. And even if the court erred in approving an accounting that referred to the wrong trust in name, Rekay has not explained how that error prejudiced her. (See *Guardianship of C.E.* (2019) 31 Cal.App.5th 1038, 1054 ["an appellant must show [an] error was prejudicial to compel reversal"].)

**DISPOSITION**

The appeal is dismissed.  The parties are to bear their costs on appeal.

SEGAL, Acting P. J.

We concur:

FEUER, J.

MARTINEZ, J.