Filed 3/27/26  Bell v. Stanworth CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| CRAIG BELL,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>DANIEL STANWORTH,<br><br>    Defendant and Respondent. | 2d Civ. No. B345254<br>(Super. Ct. No. 2024CUPT033426)<br>(Ventura County) |

Craig Bell appeals the trial court's denial of his request for an elder abuse restraining order protecting him from Daniel Stanworth.  We affirm.

## FACTS AND PROCEDURAL HISTORY

In November 2024, Bell, aged 71, requested an elder abuse restraining order protecting him from Stanworth, his next-door neighbor.  Bell's request followed an incident earlier that month, wherein Bell accused Stanworth of "confront[ing]" Bell while he walked his dog.  In his request, Bell claimed Stanworth "got in [Bell's] face," "angrily yell[ed]" at Bell, bumped Bell's chest, and grabbed Bell's arm and threw him to the ground.  Both parties called the police and provided statements to law enforcement.

Stanworth denied grabbing Bell, pushing him, or doing anything to cause his injuries.

In his request, Bell asserted Stanworth frequently yelled at him, called him names, expressed desire for Bell to move away, and called Bell's daughter a "half-breed Mexican." He further asserted Stanworth previously "reached over the fence and tried to take a plant" from Bell's yard. Bell asserted he was afraid of Stanworth because he was volatile and violent. Bell attributed a torn left rotator cuff to the incident, along with extreme arm and shoulder pain, a large left hip bruise, and pain in his hip, thigh, and knee.

The trial court issued a temporary restraining order (TRO) until the hearing on Bell's request for a permanent restraining order. The court held an evidentiary hearing on Bell's request in February 2025, where both parties testified and were cross-examined. There is no reporter's transcript of this hearing, only a minute order.

Stanworth disputed Bell's version of events, and denied physically contacting Bell at all. Stanworth contended Bell appeared intoxicated at the time of the November 2024 event, and that any claimed injuries were preexisting or "caused by [Bell] getting tangled in his dog's leash and falling to the ground." Stanworth contended he had lived next door to Bell for nine years and had no prior negative incidents until September 2024, when Bell began to harass Stanworth by yelling statements over the fence, including "fuck you," "you motherfuckers," "this is war," "we are going to make your life hell," "we have money and you don't," "your kids are in[]breds," "you better check your mailbox," and "we're gonna get you." Stanworth speculated Bell's actions were triggered by a code violation notice Bell received, which Bell thought Stanworth was responsible for.

2

The trial court noted the parties' conflicting version of events, including Stanworth's sworn statement that he never shoved Bell. The trial court observed "the demeanor of both parties" during the hearing and stated that Stanworth "behaved appropriately while testifying," but Bell behaved "inappropriate[ly] at times," including by "burst[ing] out laughing while [Stanworth] was testifying when it seemed there was nothing particularly amusing." The trial court found it undisputed that a neighbor dispute existed, that Stanworth reported Bell "to code compliance," and that Bell was injured. However, the trial court found no evidence that Stanworth intentionally inflicted injury on Bell. Thus, the trial court determined Bell did not meet his burden, denied his request for a protective order, and dissolved the TRO.

## DISCUSSION

Bell argues the trial court lacked substantial evidence to deny his restraining order request. We disagree.

Under the Elder Abuse and Dependent Adult Civil Protection Act, a trial court may issue a protective order to prevent a recurrence of abuse, on a showing of reasonable proof of a past act or acts of abuse to the petitioning elder. (Welf. & Inst. Code, § 15657.03, subds. (c), (d) [temporary restraining order], (f) [protective order].) We review such protective orders for abuse of discretion, resolving all conflicts in the evidence in favor of the prevailing party and construing all legitimate and reasonable inferences in favor of upholding the trial court's findings. (*Bookout v. Nielsen* (2007) 155 Cal.App.4th 1131, 1137–1138.) "[W]e will only find an abuse of discretion when the trial court exceeds the bounds of reason or disregards the uncontradicted evidence." (*Id.* at p. 1140.) We review the factual findings necessary to support the order for substantial evidence. (*Id.* at p. 1137.) The facts necessary to support a protective order must be established by a

3

preponderance of the evidence.  (*Gdowski v. Gdowski* (2009) 175 Cal.App.4th 128, 137.)

Here, the trial court did not abuse its discretion in denying Bell's request.  Substantial evidence supports the trial court's finding that Stanworth did not intentionally abuse Bell.  (Welf. & Inst. Code, § 15610.63, subd. (b) ["physical abuse" of an elder includes battery as set forth in Pen. Code, § 242, requiring the "willful and unlawful use of force or violence upon the person of another" and "the intent to do the act involved" (see *People v. Miranda* (2021) 62 Cal.App.5th 162, 175–176)].)  Stanworth denied physically contacting Bell and asserted that Bell got tangled in his dog's leash causing him to fall to the ground.  The trial court did not appear to find Bell credible, noting that it observed his "demeanor" during the hearing and found it "inappropriate" at times.  The trial court was in the best position to assess the credibility of the witnesses, and we are bound by its credibility determinations.  (*Estate of Young* (2008) 160 Cal.App.4th 62, 76; *Lenk v. Total–Western, Inc.* (2001) 89 Cal.App.4th 959, 968.)  Because substantial evidence supports the court's factual findings, the trial court did not abuse its discretion in denying Bell's request for a restraining order.

Bell contends that the trial court ignored Bell's sworn statement, the police officer's report, and Bell's injuries.  Bell also contends his injuries, including a bruise on the inside of his arm, support that Stanworth's conduct was intentional.  We are not persuaded.  Bell did not present any testimony establishing that the type of injuries he sustained could only have been caused by Stanworth physically touching him.  Bell also ignores Stanworth's testimony and sworn statement refuting Bell's contentions, evidence we presume the trial court considered in arriving at its ruling.  And because there is no reporter's transcript of the hearing, Bell has presented a judgment roll appeal which cannot serve as a

4

basis to attack the sufficiency of the evidence to support the judgment.  (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924.)

Moreover, we uphold the trial court's ruling if there is substantial evidence to support it, even if there is substantial evidence to support the contrary.  (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 228.)  To the extent Bell requests we reweigh his cited evidence to reach a conclusion different than the trial court's, this is impermissible under the substantial evidence standard.  (*Bookout v. Nielsen*, *supra*, 155 Cal.App.4th at pp. 1137–1138.)  "It is not our task to weigh conflicts and disputes in the evidence; that is the province of the trier of fact." (*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 630.)  All we are tasked with doing is determining whether "there is *any* substantial evidence, contradicted or uncontradicted, in support of the judgment."  (*Id.* at p. 631.)  We answer this question in the affirmative.

DISPOSITION

The judgment is affirmed.  Stanworth to recover his costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

YEGAN, Acting P. J.                    DEROIAN, J.*

---

*\* Judge of Santa Barbara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.*

Michael S. Lief, Judge

Superior Court County of Ventura

_____

      Adams & Associates and Thomas G. Adams for Plaintiff and Appellant.

      Neil Levinson for Defendant and Respondent.