Filed 3/14/25  Bank of America v. Bailey CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, N.A., Plaintiff and Respondent, v. WILLIAM R. BAILEY, Defendant and Appellant. | D084014 (Super. Ct. No. 37-2021-00043701-CU-CL-CTL) |

APPEAL from orders and a judgment of the Superior Court of San Diego County, Gregory W. Pollack and Charles E. Bell, Jr., Judges. Affirmed.

William R. Bailey, in pro. per., for Defendant and Appellant.

Nelson & Kennard and Robert Scott Kennard for Plaintiff and Respondent.

Bank of America, N.A., sued William R. Bailey to recover unpaid credit card debt.  Following a bench trial, the trial court entered judgment in favor of Bank.  Bailey contends the trial court erred in (1) denying his motions to quash service and dismiss, (2) its evidentiary rulings at trial, and (3) ignoring his argument that Bank failed to validate his debt as required by the Fair

Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p.  We affirm by memorandum opinion.  (See generally *People v. Garcia* (2002) 97 Cal.App.4th 847.)

## I.

After Bailey defaulted on his Bank credit card account, he sought debt validation.  He contends Bank failed to respond, while Bank claims it provided a debt validation letter.

In 2021, Bank sued Bailey.  Bank filed two declarations of nonservice in 2021 and 2022.  It claims to have served Bailey by substituted service in July 2022 and filed proof of service in August.  Bailey moved to quash service in July, contending service was untimely.  After hearing argument, the court denied the motion.

After initially answering the complaint, Bailey moved to dismiss it.  The court denied that motion after oral argument as well.

In November 2023, the parties presented their case at a bench trial.  Bank's witness testified that Bank's trial exhibits—printouts of records of Bailey's account—were produced in the normal course of business and showed a debt owed by Bailey to Bank.  When the witness was unable to answer some of Bailey's questions on cross-examination, Bailey sought to exclude this testimony as lacking adequate knowledge.  The court denied the request.

Relying on excerpts from a Bank prospectus prepared for the Securities and Exchange Commission, Bailey testified he believed Bank had transferred or securitized his debt such that it was no longer the holder of his debt.  The court excluded the exhibit because it was concerned that the excerpts taken out of context may be misleading.

In the end, the court found in favor of Bank and against Bailey in the sum of $50,493.23.

## II.

We address the state of the record before Bailey's appellate arguments.

## A.

The incomplete appellate record impacts our analysis of Bailey's claims.

A trial court's judgment is presumed correct, "and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) The appellant bears the burden of establishing error by way of an adequate record. (*Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532.)

Where, as here, there are absent records of the oral proceedings below, "[t]he sufficiency of the evidence is not open to review. The trial court's findings of fact and conclusions of law are presumed to be supported by substantial evidence and are binding on the appellate court, unless reversible error appears on the record." (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924.) We must presume "the unreported trial testimony would demonstrate the absence of error." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.) And if the appellate record lacks a statement of decision, we again "presume[ ] the trial court made all necessary findings supported by substantial evidence." (*Acquire II, Ltd. v. Colton Real Estate Group* (2013) 213 Cal.App.4th 959, 970.)

The appellate record here is incomplete. Missing are the orders—and their attendant motions, briefing, and oral records—from which Bailey appeals. Also absent are the complaint, Bailey's proffered but excluded trial exhibit, and an adequate summary of the trial testimony. Nor is there any statement of decision. The above presumptions therefore apply to our review.

B.

Bailey first challenges the trial court's denial of both his motion to quash and motion to dismiss. Bailey's opening brief, however, provides no legal analysis or citations to legal authority to support his position. Accordingly, we deem his argument forfeited. (*Pollock v. Kelso* (2025) 107 Cal.App.5th 1190, 1196; Cal. Rules of Court, rule 8.204(a)(1)(B).) While we are mindful Bailey is self-represented, "he is entitled to the same, but no greater, consideration than other litigants and attorneys" and "is held to the same restrictive rules of procedure as an attorney." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639.)

Even were these challenges not forfeited, we would be unable to address the merits of Bailey's claim given the state of the record. It is not apparent on the record's face the court erred in denying these motions, so Bailey is not entitled to relief.

C.

Bailey contends the trial court erred in accepting hearsay evidence and testimony presented by Bank because (1) it allegedly allowed Bank's counsel "to testify that [Bailey] signed an application" and (2) Bank's custodian of records was not qualified as an expert and lacked knowledge of certain issues—like Bank's securitization process, accounting principles, and the FDCPA. Accordingly, Bailey contends, the business records introduced through the witness were also hearsay. We review rulings on the admissibility of evidence for abuse of discretion. (*Gordon v. Nissan Motor Co., Ltd.* (2009) 170 Cal.App.4th 1103, 1111.)

As to the first issue, we have no record of Bank's counsel's alleged testimony about Bailey signing an application, as it is not part of Bailey's settled statement. Because we presume the judgment's correctness and the

4

record does not facially disclose the court erroneously allowed such testimony, we find no error on this basis.

As to the second issue, Bank's custodian of records, neither the settled statement nor any other record document shows he was offered as an expert witness. Elsewhere, Bailey seems to acknowledge the business records required only a fact witness to introduce them. As a result, it is not clear on the face of the record the court erroneously permitted an unqualified expert witness to testify.

In addition, on this record, the court must have relied on the testimony of and exhibits introduced through Bank's custodian of records in deciding in favor of Bank because they were the only evidence presented at trial other than Bailey's testimony. To have done so, the court must have implicitly found the requirements of the business record hearsay exception satisfied— including the foundational issue of the witness' knowledge—and found the witness credible. Because the court's judgment is presumably correct and there is no clear error discernable from the face of the record, we must conclude both Bank's exhibits and its witness' testimony were properly admitted.

D.

Bailey next argues the court erred in excluding his proffered trial exhibit of an excerpt of a Bank prospectus prepared for the SEC. Bailey intended to use the exhibit to show Bank assigned its account receivables to a trust, and as a result Bank no longer owned Bailey's debt or was misrepresenting its name such that it was a "debt collector" subject to FDCPA requirements. (See 15 U.S.C. §§ 1692a, subd. (6), 1692g.)

We discern no abuse of discretion on the record before us. According to the settled statement, the court excluded this evidence due to concerns "the

5

excerpts were being used out of context." A court can exclude even relevant evidence "if its probative value is substantially outweighed by the probability that its admission will . . . create a substantial danger of . . . misleading the [factfinder]." (Evid. Code, § 352.) Bailey has not shown the court's exercise of its discretion to exclude his proffered exhibit was "'so irrational or arbitrary that no reasonable person could agree with it.'" (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773, quoting *People v. Carmony* (2004) 33 Cal.4th 367, 377.) He thus falls short of his burden to show an abuse of discretion in the exclusion of his exhibit.

E.

Finally, Bailey claims the trial court "erred in failing to recognize [his] valid dispute." (Italics omitted.) Specifically, he contends he disputed the alleged debt and sought its validation under the FDCPA, which requires "debt collectors" to provide certain information about the debt to be collected. (See 15 U.S.C. § 1692g.) He claims "[t]he trial court ignored that [Bank is a] debt collector[ ]" despite evidence to the contrary, and thus "[t]he trial court failed to consider that the alleged debt was not lawfully valid, thereby barring" Bank's claim. According to Bailey, Bank "never complied with [his] demands for validation . . . yet continued [its] collection activities" in violation of the FDCPA.

Again, our review of this issue is constrained by the limited record. The court excluded the evidence Bailey intended to use to prove Bank was an FDCPA "debt collector." As explained above, we discern no error in that decision, so there is no record evidence Bank was a debt collector such that it was required to validate Bailey's debt. Accordingly, we must presume the court correctly found Bailey's argument was unsupported and unavailing. We perceive no error in it doing so. Because on this record the FDCPA was

6

inapplicable to Bank, the court did not "neglect[ ] its duty to honor its concurrent jurisdiction under the Supremacy Clause," as Bailey claims.

F.

We have considered all adequately developed arguments Bailey separately identified under an appropriate heading in his opening brief, but to the extent he has asserted additional arguments we have not addressed, they are forfeited. (See *People ex rel. Reisig v. Acuna* (2017) 9 Cal.App.5th 1, 25; Cal. Rules of Court, rule 8.204(a)(1)(B).) We also deem forfeited any arguments raised for the first time in Bailey's reply brief. (See *Sweetwater Union High School Dist. v. Julian Union Elementary School Dist.* (2019) 36 Cal.App.5th 970, 987.) Finally, at oral argument, Bailey made arguments concerning California's Rosenthal Fair Debt Collection Practices Act. He however conceded he did not raise the issue in the trial court or in his opening appellate brief. He thus forfeited this issue too. (*McDonald's Corp. v. Board of Supervisors* (1998) 63 Cal.App.4th 612, 618.)

III.

We affirm. Bank of America is entitled to its costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

CASTILLO, J.

WE CONCUR:

DATO, Acting P. J.

KELETY, J.