Filed 3/24/25  Horner v. Carver CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| MICHAEL W. HORNER, | C100619 |
| Plaintiff and Respondent, | (Super. Ct. No. CU21086089) |
| v. | |
| DEBORAH J. CARVER, | |
| Defendant and Appellant. | |

Plaintiffs Michael W. Horner (son) and his now deceased father, George L. Horner (father), sued defendant Deborah J. Carver seeking partition of real property located in Grass Valley (the property).  Following a two-day bench trial, the trial court ordered partition of the property by sale.  Defendant appeals the judgment in propria persona. With no record of the testimony at trial, defendant challenges plaintiffs' complaint, the absence of a court reporter at trial, the court's admission, exclusion, and consideration of certain evidence, and the correctness of the judgment.  Because defendant fails to meet her burden to show error, we affirm.  We also deny son's request for sanctions.

FACTUAL AND PROCEDURAL BACKGROUND

In December 2021, plaintiffs filed a complaint against defendant seeking partition of the property by sale. Father passed away a few months later and was dismissed as a plaintiff.

In a trial memorandum, son claimed that defendant moved to the property in 2004 and lived there with father's friend. Father's mother owned the property at that time until 2007 when father inherited it. Father agreed that neither he nor son would live at the property. Defendant paid to live at the property by making payments ranging from $450 per month in 2007 to $1,000 per month in 2015. Father understood these payments were for rent. In 2015, father deeded a one-sixth ownership interest in the property to defendant. The remaining five-sixth interest was owned by father and son and later solely by son after father's death. In 2019, defendant stopped making monthly payments and refused to vacate or sell the property. Asserting that the property was not susceptible to division in kind, son sought partition by sale.

Represented by counsel, defendant admitted she started paying father on a regular basis in late 2004 but argued that she understood those payments would be applied to her purchase of the property. Defendant also claimed she bore the maintenance and improvement expenses at the property since the time she moved there and calculated her payments as totaling $256,688. Father represented to defendant that the money she spent on repair, replacement, maintenance, and other household expenses would go towards purchase of the property. Defendant acknowledged that a purchase agreement could not be found or produced. She argued son had no ownership interest in the property and should be equitably estopped from denying defendant her ownership based on father's unclean hands and the promises father made to induce defendant to invest money in the property. She also argued that the statute of frauds did not bar her claim to the property because she had performed under an oral contract with father to purchase the property.

2

The matter proceeded to trial without a court reporter. Son called himself, defendant, and another person as witnesses. Defendant testified in her defense. The court admitted 10 exhibits from son and 3 exhibits from defendant. Son's admitted exhibits included the following: (1) a 2007 court order distributing the property to father; (2) a 2008 recorded grant deed by father conveying the property to father and son as joint tenants; (3) a 2015 recorded grant deed by father conveying his interest in the property to father, son, and defendant as joint tenants; (4) a 2019 recorded grant deed by father and son (by father as son's attorney in fact) conveying their interests in the property to father and son as tenants in common; and (5) a 2021 recorded grant deed by father and son (by father as son's attorney in fact) conveying their interests in the property to father and son as joint tenants. One of defendant's admitted exhibits included a document from a multiple real estate listing service identifying "Michael W. Homer" and "George L. Homer" as owners of the property. The court sustained an objection to lists of property expenses included in one of defendant's exhibits after concluding that the lists and the documents supporting them were hearsay.

In a post-trial memorandum, son argued the evidence at trial reflected his five-sixth interest in the property and defendant's one-sixth interest. As to defendant's claim that she had an agreement with father to purchase the property, defendant emphasized the lack of any written document reflecting such an agreement. Son disputed defendant's claim that she spent over $250,000 on the property, maintaining that her monthly payments constituted rent until she acquired an interest in the property and then became payments for the right to exclusive occupancy of the property. Son acknowledged that defendant began paying insurance premiums for the property in 2016 and property taxes starting in 2021, both payments totaling around $8,700. He also acknowledged defendant's claim to have paid for other improvements to the property totaling just over $9,000. Anticipating defendant would argue that she should be reimbursed for these expenses before the proceeds of the sale were divided, son argued that defendant should

be charged for the fair rental value for her continued exclusive occupancy of the property beginning with May 2019, and that amount would exceed her purported expenses.

In her written closing argument, defendant argued that son did not get along with father, did nothing to contribute to the property, and had no equity in the property. She maintained that her monthly payments were to be applied to the purchase of the property and that she bore the expense of all maintenance and improvements at the property that exceeded the one-sixth interest she acquired in 2015. She "firmly believe[d] that she purchased the home, though in an unconventional manner." She insisted that equitable estoppel and unclean hands should apply in her defense, that she relied on the covenant of good faith and fair dealing in investing in the property, and that she partially performed an oral contract to purchase the property.

The trial court issued a proposed statement of decision, finding that (1) son owned a five-sixth interest in the property, (2) defendant owned the remaining one-sixth interest, and (3) partition by sale was warranted. The court was not persuaded that unclean hands or equitable estoppel applied. Defendant objected to the decision, arguing that defendant should have received more than one-sixth of the property to account for the funds she put toward the property. In its final statement of decision, the court adopted its proposed decision and rejected defendant's objection as forfeited and without merit.

Acting in propria persona, defendant timely appealed from the interlocutory judgment for partition of the property by sale.

## DISCUSSION

We begin with the well-established rule that an appealed order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "[A]ll intendments and presumptions are indulged in favor of [the order's] correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) Appellants, even those representing themselves, have the burden of demonstrating reversible error by providing an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Huang v. Hanks* (2018)

4

23 Cal.App.5th 179, 183, fn. 1.)  Appellants also " 'must do more than assert error and leave it to the appellate court to search the record and the law books to test [their] claim[s].  [They] . . . must present an adequate argument including citations to supporting authorities and to relevant portions of the record.' "  (*Ribakoff v. City of Long Beach* (2018) 27 Cal.App.5th 150, 162.)  With these rules in mind, we discuss each of defendant's asserted errors.

## I

### *Asserted Errors in Complaint*

Defendant contends son's complaint should have been dismissed because it included false allegations and other deficiencies.  This contention is not properly before us.  There is no record that defendant challenged the complaint in the trial court.  (See, e.g., Code Civ. Proc., §§ 436 (a) [motion to strike false matter in a pleading]; 128.7 (b)(3) [sanctions for pleadings lacking evidentiary support].)  False allegations in a complaint that are not apparent from the face of the complaint should be denied in the defendant's answer and then proven false in trial or a motion for summary judgment.  (See Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2024) ¶ 7:59.)  Here, the parties proceeded to trial and the court rendered a judgment based on the evidence presented.  On this record, defendant provides no basis for us to review the allegations in plaintiffs' complaint.

## II

### *Asserted Denial of Court Reporter*

Defendant contends the trial court committed a miscarriage of justice by unreasonably denying her a court reporter, citing *Jameson v. Desta* (2018) 5 Cal.5th 594 (*Jameson*).  In her reply brief, she contends the court failed to comply with California Rules of Court, rule 2.956 by failing to notify her before trial that court reporters are not normally available for civil trials in Nevada County.  Defendant is mistaken on both counts.

In civil cases, a court reporter is not required except on court order or party request. (Code Civ. Proc., § 269, subd. (a)(1).) Here, the record does not reflect any request for a court reporter or any reason for the court to have ordered one. Defendant's reliance on *Jameson* and California Rules of Court, rule 2.956 is misplaced. *Jameson* requires courts to appoint indigent litigants a court reporter upon request. (*Jameson*, *supra*, 5 Cal.5th at p. 599.) Here, there was no request or showing of indigence. And the trial court complied with California Rules of Court, rule 2.956 by providing notice of the lack of court reporters for civil trials in its local rules. (Super. Ct. Nevada County, Local Rules, rule 1.08 (A); California Rules of Court, rule 2.956(b)(1), (2).)

## III

### *Asserted Evidentiary Errors*

Defendant asserts three evidentiary challenges. We conclude these challenges have been forfeited, fail for lack of reporter's transcript, or are beyond our review.

First, defendant contends the trial court erred by excluding the lists in one of her exhibits that documented the property expenses she paid. She contends the trial court excluded this evidence after concluding it could not examine the documents supporting the lists "without great loss of time." Defendant is mistaken. The court concluded that the lists and the documents supporting them were inadmissible hearsay, and defendant offers no reasoned argument as to why that conclusion was wrong. We reject this contention as forfeited. (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.)

Second, defendant contends the trial court erred by allowing son's expert witness to testify regarding the rental and resale values of the property without providing substantiating evidence or exhibits. She also contends this expert was biased because the expert and defendant had "worked together within the same organization for many years." But there is no indication that defendant objected on these grounds at trial. (*People v. Townsel* (2016) 63 Cal.4th 25, 45-46 [failure to make contemporaneous object

6

to expert testimony forfeits claim of error].) To the extent defendant questioned the credibility of son's expert, it was defendant's job to do so at trial through objection, cross-examination, or other evidence. (See Evid. Code, § 721.) Also, there is no reporter's transcript allowing us to review the expert's testimony, so we must presume that the expert's unreported testimony would demonstrate no error. (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)

And third, defendant finds fault with one of son's exhibits. But because the record shows this exhibit was not admitted into evidence, we have no basis to address defendant's concern. (*USLIFE Savings & Loan Assn. v. National Surety Corp*. (1981) 115 Cal.App.3d 336, 343 [documents not admitted into evidence are outside scope of appellate review].)

IV

*Asserted Errors in Judgment*

Defendant contends the interlocutory judgment is incorrect because the court should have found one of the following: (1) father and son never had an interest in the property; (2) defendant had an oral contract to purchase the property; or (3) defendant's unclean hands or estoppel defenses applied. The state of the record requires us to reject these contentions. The "absence of a record concerning what actually occurred at the trial precludes a determination that the trial court abused its discretion." (*Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 448.) That absence also compels us to presume that the trial court's findings of fact and conclusions of law are supported by substantial evidence. (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924; see *Aguayo v. Amaro* (2013) 213 Cal.App.4th 1102, 1109 [unclean hands]; *Doe v. Marten* (2020) 49 Cal.App.5th 1022, 1029 [estoppel]; *Carmel Development Co., Inc. v. Anderson* (2020) 48 Cal.App.5th 492, 518 [oral contracts].) Because there is no record of

the testimony at trial, and no reversible error appears on the record provided,[1] we must affirm the judgment.

## V

### *Son's Request for Sanctions*

Following briefing, son moved for an order awarding sanctions under Code of Civil Procedure section 907 and California Rules of Court, Rule 8.276 on the grounds that defendant's appeal is frivolous and taken solely for the purpose of delay. We deny this motion. Whether to impose appellate sanctions is a matter within our discretion. (*Citizens for Amending Proposition L v. City of Pomona* (2018) 28 Cal.App.5th 1159, 1194.) "An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) We decline to describe defendant's claims as frivolous or instituted solely for the purpose of delay.

---

[1] We do not reconsider the court's apparent refusal to conclude that defendant's multiple listing service document shows that father and son lost their interests in the property by conveying those interests to individuals with slightly different last names, "Michael W. Homer" and "George L. Homer." As the reviewing court, we do not reweigh the evidence or resolve evidentiary conflicts. (*M.S. v. A.S.* (2022) 76 Cal.App.5th 1139, 1145.)

DISPOSITION

The interlocutory judgment is affirmed.  Son shall recover his costs on appeal.
(California Rules of Court, rule 8.278(a)(1) & (2).)


                                                          /s/
                                                          MESIWALA, J.



We concur:



 /s/
EARL, P. J.



 /s/
FEINBERG, J.