Filed 10/20/25  Myrick v. Sekerke CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| JESSICA MYRICK, Respondent, v. STANLEY SEKERKE, Appellant. | D085464 (Super. Ct. No. 24FDV04836N) |

APPEAL from an order of the Superior Court of San Diego County, Steven K. Berenson, Commissioner.  Affirmed.

Stanley Sekerke, in pro. per., for Appellant.

No appearance for Respondent.

Stanley Sekerke, a self-represented litigant, challenges the sufficiency of the evidence supporting the domestic violence restraining order entered against him protecting his sister-in-law Jessica Myrick and her spouse. Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we affirm.

## I.

At the unreported hearing on her request for a DVRO, Myrick confirmed "her statements in support" of her request were "true and correct." She further testified about a "tracker and multiple break-ins in the past."

For his part, Sekerke submitted a written response, which the court reviewed.

After considering the evidence presented, the court found Myrick "met the burden of proof by a preponderance of the evidence" and thus granted her request for a DVRO protecting her and her spouse for a period of two years.

## II.

## A.

The Domestic Violence Prevention Act seeks to prevent acts of domestic violence or abuse and to separate the persons involved for a period sufficient to resolve the underlying causes of the violence.  (Fam. Code, §§ 6200, 6220.) The Act defines domestic violence as "abuse" perpetrated against certain individuals, including persons "related by consanguinity or affinity within the second degree."  (§ 6211(f).)  As relevant here, it further defines "abuse" to mean any of the following: (1) intentionally or recklessly causing or attempting to cause bodily injury; (2) placing a person in reasonable apprehension of imminent serious bodily injury to that person or another; or (3) engaging in any behavior that has been or could be enjoined under Family Code section 6320.  (§ 6203.)

Behavior that may be enjoined under section 6320 includes molesting, attacking, striking, stalking, threatening, battering, harassing, making annoying telephone calls (Pen. Code, § 653m), and disturbing the peace of the other party or other named family or household members.  (Fam. Code, § 6320(a).)  Disturbing the other party's peace "refers to conduct that, based

2

on the totality of the circumstances, destroys the mental or emotional calm of the other party" and "includes, but is not limited to, coercive control, which is a pattern of behavior that in purpose or effect unreasonably interferes with a person's free will and personal liberty." (*Id.*, subd. (c).)

The Act provides that a DVRO to prevent the recurrence of domestic violence or abuse "may be issued . . . if an affidavit or testimony and any additional information provided to the court pursuant to section 6306, shows, to the satisfaction of the court, reasonable proof of a past act or acts of abuse." (§ 6300(a).) Such an order may be issued "based solely on the affidavit or testimony of the person requesting the restraining order." (*Ibid.*)

To obtain a DVRO, the applicant must show past abuse by a preponderance of the evidence. (*In re Marriage of Everard* (2020) 47 Cal.App.5th 109, 122.) We review orders granting or denying a DVRO for abuse of discretion. (*Id.* at p. 123.) In doing so, we do not reweigh the evidence or assess the credibility of witnesses; instead, we defer to the court's adjudication of the facts. (*Pope v. Babick* (2014) 229 Cal.App.4th 1238, 1246.)

B.

Sekerke contends the court erred in granting the DVRO because (1) the "record does not contain sufficient evidence to support the issuance of a restraining order under Family Code §§ 6203 or 6320" and (2) Myrick's testimony about "past incidents" that included "alleged property damage or intimidation" were not "supported by police reports, investigations, or witness testimony." The incomplete appellate record, however, prevents us from meaningfully reviewing these claims of error.

As a "fundamental principle of appellate procedure," we presume the trial court's order is correct. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) Because of this presumption, "the burden is on an appellant to

3

demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Id.* at p. 609.) If "the record is inadequate for meaningful review," we will affirm the order. (*Ibid.* [cleaned up].) Such is the case here.

Sekerke represents himself in this appeal, and we are mindful that the technical requirements of the appellate process may be difficult for those without legal training to navigate. But a self-represented party "is to be treated like any other party and is entitled to the same, but no greater, consideration than" a party represented by counsel. (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) As a result, Sekerke needed to comply with the rules for preparing an adequate appellate record.

Sekerke challenges the evidence supporting the trial court's DVRO without providing us that evidence. He did not include Myrick's DVRO application, any supporting declarations that might have been attached to it, or a useful record of the hearing testimony. The evidentiary hearing was unreported, making it more difficult to provide an adequate record. (*Jameson*, 5 Cal.5th at p. 608 ["lack of a verbatim record of such proceedings will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court"].) Nor did Sekerke submit an agreed or settled statement of the hearing. (See Cal. Rules of Court, rules 8.134 & 8.137.) The incomplete record means "[t]he trial court's findings of fact and conclusions of law are presumed to be supported by substantial evidence and are binding on the appellate court, unless reversible error appears on the record." (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924.)

This presumption creates a high hurdle for Sekerke to clear. In issuing the DVRO, the court (1) implicitly found Myrick's testimony and evidence

more credible than Sekerke's and (2) concluded that testimony and evidence supported each of the elements required for the DVRO to issue—including Myrick's "statements in support" of her request for a DVRO and her testimony about a "tracker and multiple break-ins in the past." As we lack any record of the testimony presented at the hearing, we are unable to assess, and therefore must presume, the existence and accuracy of the court's findings and the facts underlying them.

Sekerke does not identify—and we discern no—reversible error on the face of the record. Given the incomplete appellate record and the resulting presumptions, we affirm.

C.

Sekerke contends the "stigma" of the DVRO against him "poses a continuing threat to" his "personal and professional relationships." "There often will be some social stigma attached while a person is subject to a protective order." (*Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1291.) But Myrick's "physical security . . . trumps all of the[ ] burdens" the DVRO "may impose on" Sekerke. (*Id.* at p. 1292.) Thus, this contention fails.

III.

We affirm. The parties shall bear their own costs on appeal.


CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.


5