Filed 3/23/26  Binford Road v. Beste CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| BINFORD ROAD LLC, <br><br>        Plaintiff and Respondent, <br><br> v. <br><br> PAUL DEN BESTE, <br><br>        Defendant and Appellant. | A172469 <br><br><br> (Marin County <br> Super. Ct. No. CIV2104251) |

**MEMORANDUM OPINION**[1]

        This is an appeal from an order relating to the disposal of vehicles held in receivership (receivership order) after the trial court granted summary adjudication in favor of plaintiff, Binford Road LLC, on its quiet title cause of action.  Defendant, Paul Den Beste, proceeding in propria persona, contends the receivership order is void as a matter of law.[2]  For reasons set forth *post*, we affirm.

_____

        [1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history . . . ."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

        [2] Defendant is designated a vexatious litigant in California pursuant to Code of Civil Procedure section 391, subdivision (b).  However, because defendant did not initiate the underlying lawsuit, he was permitted to file

1

Generally speaking, the "trial court appointing the receiver has broad power to prescribe and, as necessary, change the manner in which property is to be sold." (*People v. Stark* (2005) 131 Cal.App.4th 184, 205.) On appeal, as a "fundamental principle of appellate procedure," we presume the trial court's order is correct. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) Given this presumption, "the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Id.* at p. 609.) As a " ' "necessary corollary to this rule," ' " we affirm if the appellant fails to provide any demonstration of error. (*Ibid.*) Such is the case here.

Defendant represents himself in this appeal. While the technical requirements of the appellate process may be difficult to navigate for those without legal training, a self-represented party is nonetheless "treated like any other party and is entitled to the same, but no greater, consideration than" a party represented by counsel. (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) Accordingly, defendant, just as all appellants, must comply with the mandatory rules of appellate procedure, including the rules requiring the filing of a brief containing a fair recitation of the facts and a reasoned argument, grounded in relevant facts and pertinent legal authority, to support any claim of error. (*Berger v. California Ins. Guarantee Assn.* (2005) 128 Cal.App.4th 989, 1007; *L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 620.)

Defendant has not complied with these rules. His main argument appears to be that the trial court's receivership order is void as a matter of law because it was issued by the Marin County Superior Court, wherein the

this appeal without obtaining prefiling approval from this court. (*Id.*, § 391.7.)

2

receiver appointed to hold the property identified in the receivership order was appointed by the Sonoma County Superior Court. Yet, defendant's opening brief fails to provide even a single fact from the record explaining why, or how, the Superior Court of both Marin County and Sonoma County became involved in this matter. In fact, defendant provides no recitation whatsoever of the factual or procedural background of this case.[3] Nor does defendant provide any cogent legal analysis to support his argument that, as a result of this apparent transfer from Sonoma to Marin county, the receivership order must be reversed. While defendant identifies a few appellate decisions that relate, quite broadly, to receiverships and the authority of a receiver to sell or transfer property held in receiverships, he in no way relates these decisions back to the matter at hand. The complete lack of factual context and lack of a cogent legal analysis grounded in the relevant facts require affirmance of the court's order. (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924 ["The trial court's findings of fact

---

[3] In the respondent's brief, plaintiff, Binford Road LLC, contends the receivership order arose from efforts taken by two individuals who are not named parties in this lawsuit, Bradford and John DeMeo, to collect on court judgments they obtained against defendant. Plaintiff contends defendant filed an appeal related to the collection efforts by the DeMeos in the appellate division of Sonoma County Superior Court, which appeal was then transferred to the appellate division of Marin County Superior Court (DeMeo Action). According to plaintiff, the DeMeo Action was ultimately consolidated with this action. In his reply brief, defendant vehemently denies these two cases were consolidated, insisting: "Respondent never obtained a consolidation order . . . ." Defendant also provides citations to documents related to his appeal in the DeMeo Action. We need not, however, parse these documents, mentioned for the first time in defendant's reply brief. As stated *ante*, defendant wholly failed to provide this court with a recitation of the underlying procedural and factual background of this case in his briefs. Accordingly, we conclude defendant's meager references to isolated facts in his reply brief are both inadequate and untimely.

and conclusions of law are presumed to be supported by substantial evidence and are binding on the appellate court, unless reversible error appears on the record"].)  Simply put, defendant has failed to identify reversible error on this record.  It is not our responsibility to search the record for such error when an appellant bearing the burden of proof has failed to do so.  (*L.O. v. Kilrain, supra*, 96 Cal.App.5th at p. 620.)

Given defendant's failure to meet his burden to establish reversible error on appeal, the receivership order stands.

## DISPOSITION

The order of January 28, 2025, is affirmed.  Defendant shall bear costs on appeal.


Jackson, P. J.


WE CONCUR:

Burns, J.
Chou, J.


A172469/*Binford Road LLC v. Paul Den Beste*

4