Filed 4/22/26  Washington v. Arrington CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THIA WASHINGTON, | D086193 |
| Appellant, | |
| v. | (Super. Ct. No. 24FDV00806S) |
| TRIESTE SELENA ARRINGTON, | |
| Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Victor N. Pippins, Judge.  Affirmed.

Thia Washington, in pro. per., for Appellant.

No appearance for Respondent.

Thia Washington, a self-represented litigant, appeals from the denial of a domestic violence restraining order following an evidentiary hearing, the dissolution of a temporary restraining order issued in her favor, and the dismissal of her action.  Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we affirm.

In February 2024, Washington filed a request for a DVRO against Trieste Selena Arrington.  The same day, the court issued a TRO.  After several continuances, the court held an evidentiary hearing in March 2025.

Both Washington and Arrington were sworn and examined. At the hearing—and after "consider[ing] the totality of the circumstances"—the court concluded Washington failed to meet her burden of showing "abuse" within the meaning of the Domestic Violence Prevention Act, so it denied Washington's request for a DVRO, dissolved the TRO, and dismissed the action without prejudice.

Washington appeals, claiming the court wrongfully refused to receive the additional evidence she intended to present, including witness testimony, at the evidentiary hearing. She also accuses the court of tampering with evidence she subpoenaed and failing to afford her due process when it refused to grant her a further extension of time to review evidence received the day of the hearing.

Yet the record Washington provides is insufficient to allow us to meaningfully review her claims. As a "fundamental principle of appellate procedure," we presume the trial court's order is correct. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) Because of this presumption, "the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Id.* at p. 609.) If "the record is inadequate for meaningful review," we will affirm the order. (*Ibid.* [cleaned up].) Such is the case here.

Washington represents herself in this appeal, and we are mindful that the technical requirements of the appellate process may be difficult for those without legal training to navigate. But a self-represented party "is to be treated like any other party and is entitled to the same, but no greater, consideration than" a party represented by counsel. (*Elena S. v. Kroutik*

(2016) 247 Cal.App.4th 570, 574.) As a result, Washington needed to comply with the rules for preparing an adequate appellate record. She did not.

The record here does not contain Washington's DVRO application, any supporting declarations, the temporary restraining order that issued, any of the evidence lodged with the court, or a record of what happened during the evidentiary hearing. The hearing was unreported, making it more difficult to provide an adequate record. (*Jameson*, 5 Cal.5th at p. 608 ["lack of a verbatim record of such proceedings will frequently be fatal to a litigant's ability to have [the litigant's] claims of trial court error resolved on the merits by an appellate court"].) Nor did Washington submit an agreed or settled statement of the hearing. (See Cal. Rules of Court, rules 8.134 & 8.137.) The incomplete record means "[t]he trial court's findings of fact and conclusions of law are presumed to be supported by substantial evidence and are binding on the appellate court, unless reversible error appears on the record." (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924.)

Washington does not identify—and we discern no—reversible error on the face of the record. Given the incomplete appellate record and the resulting presumptions, we thus affirm.

## DISPOSITION

We affirm.  The parties shall bear their own costs on appeal.


CASTILLO, J.

WE CONCUR:


BUCHANAN, Acting P. J.


KELETY, J.